United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES LLC,

   Plaintiff,

  v.

MARIA TUNALES,

   Defendant.

_____/

No. C-11-2084 EMC

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

**(Docket No. 4)**

   Plaintiff Aurora Loan Services LLC ("Aurora") initiated this unlawful detainer action against Defendant Maria Tunales in state court. Subsequently, Ms. Tunales removed the case to federal court. Aurora then filed the currently pending motion to remand, which the Court set for hearing on July 8, 2011. Ms. Tunales failed to file an opposition to the motion to remand. Accordingly, the Court rules on the motion on the basis of Aurora's papers alone. Having considered those papers, as well as all other evidence of record, the Court concludes that remand is appropriate and accordingly **GRANTS** the motion to remand.

## I. **DISCUSSION**

   In its motion to remand, Aurora argues that this Court lacks subject matter jurisdiction over the case. The Court agrees. Title 28 U.S.C. § 1441 allows a defendant to remove only cases in which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the plaintiffs is a citizen of a different state from

**United States District Court**
For the Northern District of California

1    each of the defendants (*i.e.*, when there is "complete diversity") and the amount in controversy

2    exceeds $75,000.

3         In the instant case, Ms. Tunales indicated in her notice of removal that there is federal

4    question jurisdiction -- *i.e.*, because Aurora is bringing claims under the Fair Debt Collection

5    Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act.  The

6    complaint, however, establishes that Aurora is bringing only a claim for unlawful detainer, which is

7    a claim based in state law, not federal law.  To the extent Ms. Tunales suggests in her notice of

8    removal that Aurora has violated her constitutional rights (and thus has a claim against Aurora), the

9    existence of federal question jurisdiction depends solely on the *plaintiff's* claims for relief and not

10   on anticipated defenses to those claims or on any counterclaims asserted by the defendant.  *See*

11   *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830-32 (2002); *ARCO Envtl.*

12   *Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113

13   (9th Cir. 2000).

14        Finally, the Court notes that, although Ms. Tunales did not claim in her notice of removal

15   that there is diversity jurisdiction over the instant case, it has evaluated the complaint nonetheless to

16   determine whether diversity jurisdiction is plausible.  The Court sees no basis for diversity

17   jurisdiction because diversity jurisdiction requires not only that there must be complete diversity in

18   citizenship but also that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332(a).  Here,

19   the face of the complaint indicates that Aurora seeks less than $10,000.  Moreover, there is no other

20   indication that the damages sought by Aurora would exceed $75,000, especially since, as stated in

21   the complaint, Aurora asks for only $50 in damages per day as of April 15, 2011.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

2

## II.   CONCLUSION

Accordingly, the Court concludes that it does not have subject matter jurisdiction over the instant case and remands the case to the state court.  *See, e.g.*, *Washington v. Municipal Court*, No. C-99-0568 MHP, 1999 U.S. Dist. LEXIS 2993 (N.D. Cal. Mar. 15, 1999) (remanding case to state court because  federal court could not exercise jurisdiction over state law claims for eviction and unlawful detainer).  This order disposes of Docket No. 4.  The hearing on July 8, 2011, is hereby VACATED.

IT IS SO ORDERED.

Dated:  June 23, 2010

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

3